Ex-parte Cain.

PER CURIAM. Because the modesty of our lexicograpers restrains them from publishing obscene words, or from giving the obscene signification to words that may be used without conveying any obscenity, it does not follow that they are not English words, and not understood by those who hear them; or that chaste words may not be applied so as to be understood in an obscene sense by every one who hears them.

All the Judges concurring, the judgment is affirmed.

---

### EX-PARTE CAIN.

Under the act of 27th February, 1843, supplementary to act concerning costs of same date, a prosecutor is not liable for costs in any capital case, or in any case punishable by imprisonment in the penitentiary alone.

## APPEAL from Franklin Circuit Court.

NAPTON, J., delivered the opinion of the court.

This was a petition to the circuit court of Franklin county, for a writ of prohibition against two justices of the peace, who had entered up judgment against the petitioner for the costs of a criminal prosecution which he had instituted before said justices.

The circuit court caused a conditional rule to be entered, requiring the justices to appear and show cause why the judgment for costs against the said Cain should not be set aside, &c. Upon the return day of the rule, the justices appeared and showed cause, and the rule was discharged, and costs adjudged against the petitioner.

It appeared from the docket of the justices, that Cain made affidavit before them, charging one Watts with hog stealing; that a warrant to arrest the said Watts was thereupon issued; that said Watts was arrested, examined and discharged, the justices making upon their docket the following entry : "The court consider that the charge is not sustained by the plaintiff, and that it is a malicious prosecution; therefore judgment is rendered against Jesse Cain, prosecutor, for the sum of — dollars, &c., for costs."

The circuit court being of opinion that judgment against Cain for the costs was properly rendered, the petitioner excepted, and brings the cause here by appeal.

By the 13th section of the act of Feb'y 27th, 1843, it is provided, that "in all prosecutions before a justice for a criminal offence, where the justice discharges the accused for want of sufficient proof, the justice, if he believes there was no good cause for the prosecution, shall enter judgment for the costs against the prosecutor."

By a supplemental act, passed on the same day, it is provided, that the act above referred to, shall not be construed so as to make the informer in any capital case, or any case punishable by imprisonment in the penitentiary alone, liable for the costs. Sess. Acts 43, p. 35.

Hog stealing is declared grand larceny by our statute, and punished only by imprisonment in the penitentiary.

The judgment of the circuit court is therefore reversed, and the cause remanded.

---

### VAUGHN vs. LYNN.

Where a parol agreement has been entered into between A and B, and A subsequently takes from B a higher security, the law presumes the parol contract to be merged.

### APPEAL from Benton Circuit Court.

Napton, J., delivered the opinion of the court.

This was an action of assumpsit brought by Vaughn against Lynn, upon a parol agreement that in consideration that said Lynn had become tenant to the said Vaughn for a year, of a certain farm, said Lynn had agreed to pay the plaintiff two barrels of corn per acre, for about fifteen acres, and one third of all the oats raised on the farm, to be delivered in the stack; and also to tend the same in a husbandlike manner, and keep the same in good repair. The declaration alleged a breach of contract in all these particulars, and laid the damages at three hundred dollars.

The defendant pleaded non-assumpsit. On the trial, the plaintiff proved that in the month of January, 1843, the plaintiff rented his farm to the defendant, (having recently purchased it of defendant,) and the defendant agreed to cultivate it well, and pay two barrels per acre for the small fields, (about fifteen acres,) and one third of the oats raised on the remainder of the farm, which defendant had not rented out